UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,<br><br>Plaintiffs,<br><br>-against-<br><br>WHERE TO GET IT SERVICES, LLC,<br><br>Defendant. | 20 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), to obtain relief related to delinquent employer contributions to employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because Plaintiffs reside in this district.

## THE PARTIES

4. Plaintiff Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiff Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") (together, the ERISA Funds and the Charity Fund shall be referred to as the "Funds") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff the Carpenter Contractor Alliance of Metropolitan New York is a New York not-for-profit corporation.

7. Defendant Where To Get It Services, LLC ("Where To Get It") is a limited liability company organized under the laws of the state of New York. At all relevant times, Where To Get It was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Where To Get It maintains its principal place of business at 1395 Pacific Street, Suite B, Brooklyn, New York 11216.

## STATEMENT OF FACTS

8. At all relevant times, Where To Get It was signatory to, or otherwise manifested an intention to be bound by, a collective bargaining agreement ("CBA") with the New York City District Council of Carpenters (the "Union").

9. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

10. The CBA required Where To Get It to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

11. Additionally, Where To Get It was required to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions under the terms of the CBA.

12. Pursuant to the CBA, the Funds conducted an audit of Where To Get It covering the period April 1, 2016 through April 25, 2019 (the "Audit").

13. According to the Audit, Where To Get It has failed to remit contributions to the Funds in the principal amount of $52,445.84 for Covered Work it performed.

## FIRST CLAIM FOR RELIEF AGAINST WHERE TO GET IT
*Unpaid Contributions Under 29 U.S.C. § 1145*

14. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or

under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

16. The CBA requires Where To Get It to make contributions to Plaintiffs in connection with all Covered Work Where To Get It performs.

17. Where To Get It has failed to remit contributions to the Funds in the principal amount of $52,445.84 for Covered Work it performed, as revealed by the Audit.

18. Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Where To Get It is liable to Plaintiffs for: (1) the principal revealed by the Audit of $52,445.84; (2) interest on the principal of $3,845.11; (3) promotional fund contributions of $89.92; (4) liquidated damages of $10,489.17; (5) audit costs of $4,769.00; (5) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate.

### **SECOND CLAIM FOR RELIEF AGAINST WHERE TO GET IT**
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

19. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

20. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of the CBA.

21. Where To Get It violated the terms of the CBA when it failed to make all contributions due and owing for Covered Work it performed, as revealed by the Audit.

22. Under the CBA, the Funds' Trust Agreements and Collection Policy (which are incorporated into the CBA), and section 301 of the LMRA, 29 U.S.C. § 185, the Funds

are entitled to recover: (1) the principal revealed by the Audit of $52,445.84; (2) interest on the principal of $3,845.11; (3) promotional fund contributions of $89.92; (4) liquidated damages of $10,489.17; (5) audit costs of $4,769.00; (5) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate.

23. **WHEREFORE**, Plaintiffs respectfully request that this Court:

(1) On Plaintiffs' First Claim for Relief, issue an order finding that Where To Get It is liable to Plaintiffs for: (1) the principal revealed by the Audit of $52,445.84; (2) interest on the principal of $3,845.11; (3) promotional fund contributions of $89.92; (4) liquidated damages of $10,489.17; (5) audit costs of $4,769.00; and (6) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action;

(2) On Plaintiffs' Second Claim for Relief, issue an order finding that Where To Get It is liable to Plaintiffs for: (1) the principal revealed by the Audit of $52,445.84; (2) interest on the principal of $3,845.11; (3) promotional fund contributions of $89.92; (4) liquidated damages of $10,489.17; (5) audit costs of $4,769.00; and (6) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and

(3) Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 17, 2020

VIRGINIA & AMBINDER, LLP

By:  \_\_\_\_\_/s/_____

Nicole Marimon<br>
40 Broad Street, 7th Floor<br>
New York, New York 10004<br>
(212) 943-9080<br>
*Attorneys for Plaintiffs*